## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: Jose I. Lucas | Chapter 13 |
| Debtor | Bankruptcy No. 02-20326 |

### SETTLEMENT STIPULATION

WHEREAS, on 01/24/2002, Jose I. Lucas (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the EASTERN District of Pennsylvania;

WHEREAS, on April 21, 2004, Bankers Trust Company of California, N.A., as Custodian or Trustee (Movant) filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the "Motion") regarding property located at : 1167 Mechanic Street, Bethlehem, PA 18015;

WHEREAS, Movant and the Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Movant, by and through its attorney, Margaret Gairo, Esquire, and the Debtor, by and through his counsel, Allan B. Goodman, Esquire, ("Debtor's Counsel") as follows:

1. On or before May 17, 2004, Debtor shall remit $402.00 to Movant c/o Margaret Gairo, Esquire, McCabe, Weisberg & Conway, P.C., 123 South Broad Street, Suite 2080, Philadelphia, PA 19109.

2. Beginning with the payment due June 1, 2004, Debtors shall pay the regular monthly mortgage payment in the amount of $280.37, plus the additional sum of $235.76 for a total payment of $516.13 per month, payable on the 1st of each month, through and including November 1, 2004 or until the account is brought current post-petition.

3. All payments are to be made by certified check or money order and made payable

to Chase Manhattan at the following address: 10790 Rancho Bernardo Road, San Diego, CA 92127.. Your loan number is 11764347. Please remember to write this number on the lower lefthand corner of your payment to ensure proper processing.

4. If the above payments are made as described, Debtor will resume making regular payments on December 1, 2004.

5. Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to, failure to make the above described payments, or any regular monthly mortgage payment commencing after the cure of the post-petition delinquency, then Movant may send Debtor and counsel a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default. Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the mortgaged property.

6. In the event the Debtor converts their case to Chapter 7, the Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion. Failure to cure the arrears shall constitute an event of default under this Stipulation and Movant may send Notice of Default and certify default as set forth in the preceding paragraph.

_____  
Margaret Gairo, Esquire  
McCabe, Weisberg & Conway, P.C.  
First Union Building  
123 S. Broad Street, Suite 2080  
Philadelphia, PA 19109  
Attorney for Movant  

5/13/04  
_____  
DATE  

_____  
Allan B. Goodman, Esquire  
60 West Broad Street, Suite 103  
P.O. Box 1248  
Bethlehem, PA 18016  

5/17/04  
_____  
DATE

AND NOW, this 20th day of May, 2004, this Settlement Stipulation is hereby APPROVED

BY THE COURT:

_____
Thomas M. Twardowski
United States Bankruptcy Judge